IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIE JAMES SMITH,            )
                               )
        Petitioner,             )
                               )   1:12CV812
        v.                      )   1:03CR107-1
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.             )

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Willie James Smith, a federal prisoner, brings a Motion [Doc. #49] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted in this Court of one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and 924(e). He received a sentence of 217 months imprisonment as an Armed Career Criminal. In Petitioner's Motion, he raises three claims for relief, all of which assert that the length of his sentence in this Court is no longer valid following United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because he did not face more a year of imprisonment for at least three of his prior predicate convictions.

The Government filed a Response [Doc. #54], contending that Petitioner's Simmons claims are without merit, and that the Court lacks jurisdiction to consider Petitioner's

Motion under § 2255 because Petitioner filed a previous § 2255 Petition and has not received certification from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). The Government also contends that Petitioner's claims are barred by the applicable statute of limitations.

Having considered the parties' contentions, the Court notes that, as set out in the Government's Response, Simmons would not affect Petitioner's sentence in this case because all of Petitioner's predicate convictions remain felonies even after Simmons. Petitioner acknowledges as much in his Reply, and therefore moved through counsel to amend his Motion to add a claim under United States v. Davis, 720 F.3d 215 (4th Cir. 2013). In Davis, the Fourth Circuit held that consolidated state convictions under North Carolina's Structured Sentencing Act do not count as separate predicate offenses for purposes of the career offender provision of the United States Sentencing Guidelines. However, Davis does not apply to predicate offenses under the Armed Career Criminal Act. United States v. Benn, 572 F. App'x 167, 181 (4th Cir. 2014); United States v. Bruton, 589 F. App'x 91 (4th Cir. 2014). Therefore, even if included in consolidated judgments, Petitioner's predicate offenses still count separately for purposes of the Armed Career Criminal Act to the extent that he committed them on occasions separate from one another. Therefore, Petitioner has not shown that Simmons or Davis affects his sentence in this case. Moreover, as noted in the Government's Response, Petitioner has not obtained authorization to file a second or successive motion under § 2255, and his claims appeared barred by the statute of limitations.

See Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014).  For all of these reasons, the Court concludes that Petitioner's claims based on Simmons and Davis should be dismissed.[1]

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Amend [Doc. #65] be denied, that Petitioner's Motion [Doc. #49] to vacate, set aside or correct sentence be dismissed, and that this action be dismissed.

This, the 10th day of August, 2015.

                                                          /s/ Joi Elizabeth Peake
                                                    United States Magistrate Judge

---

[1] If Petitioner seeks to raise some other challenge to his sentence, he should seek authorization from the Court of Appeals to file a second or successive motion, and separately file any such challenge for further consideration.

3